JOHN WHITNEY *v.* FREELAND AND MURDOCK.

The assignment of the assets of the bank to F. and M., though fraudulent and void, is only so at the instance of the creditors of the bank.

A large majority of the creditors of the bank having assented to the assignment to F. & M., and still acquiescing in it, until creditors claim their right to have

the assignment set aside, it is not proper to act on the presumption that there are other creditors who may object to the assignment.

On appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

This bill was filed by Whitney, one of the trustees appointed by the Jefferson circuit court, upon the rendition of judgment of forfeiture of the franchises of the Commercial Bank of Rodney, to recover from Freeland and Murdock the possession of the assets of the dissolved corporation, which they claim, by virtue of a deed of assignment executed by the bank prior to its dissolution. The ground upon which Whitney seeks a recovery is, that the deed of assignment is fraudulent upon its face, and void. Chaplain, the cotrustee of Whitney, is made a defendant, he having refused to unite in the proceeding.

Freeland and Murdock answered the bill, and attached to their answer the written statements of some four or five persons representing themselves to be creditors of the Rodney Bank, to the effect that they were satisfied with the deed of assignment, and did not wish it disturbed.

The appellant relies upon the assumption, that the assignment from the Rodney Bank to Freeland and Murdock is fraudulent and void.

The cause was submitted, in the court below, on the exceptions of the complainant to the answer of the defendants, and upon the motion of defendants to dissolve the injunction on bill, answer, and proofs. The chancellor disallowed all the exceptions to the answer, and ordered the injunction to be dissolved; upon which he granted the appeal.

*John B. Coleman* for appellant.

It is contended both in the answer of the appellees, and by their counsel in argument, that even if the deed of assignment is fraudulent, it is only void as to creditors, and cannot be impeached by the trustees.

We take the position, that a fraudulent deed of assignment will always be set aside, upon the application of creditors, or the representative of creditors; and we hold, that the trustees

appointed under the acts of 1843 and 1846, are not only representatives, but that they are the sole representatives of the creditors of the deceased banks.

At common law, upon the dissolution of a corporation, all the debts due to it and by it were extinguished. By the acts of 1843 and 1846, these common law consequences are averted; the debts due by the corporation are saved from extinction for the benefit of its creditors; and those due to it are likewise preserved, first for the benefit of the creditors, and next by virtue of the act of 1846, for that of the stockholders.

Now, we ask, how is this effected? How are these debts saved from extinction? We answer, by the interposition of trustees, in whom, at the instant of its dissolution, all the assets of the dissolved corporation are vested, by what is termed " an assignment by mere operation of law." But for the creation of these trustees, there would and could be no creditors; their claims would have been annihilated upon the dissolution of the corporation. Neither would there have been any assets. The choses in action of the corporation would have been extinguished; their personal property would have vested in the State ; and their lands would have reverted to the grantors.

The trustees appointed after the passage of the act of 1846, are, to all intents and purposes, as completely the representatives of creditors as those appointed before its passage. There can be and there is no difference in their positions in this respect.

But it is urged by the appellees, that even if the trustees be the representatives of creditors, they are likewise the representatives of the dissolved corporation, and are, therefore, by reason of the privity between them, estopped from impeaching the deed of assignment made by the corporation.

In the case of *Nevitt* v. *The Bank of Port Gibson,* 6 S. & M. 566, the trustees are held to take " under an assignment by mere operation of law." They are then assignees by act of law, for the benefit of creditors. They bear precisely the same relation to the dissolved corporation and its creditors, which an assignee in bankruptcy bears to the bankrupt and his creditors. Both are assignees by act of law, — by mere operation of law ; and there is certainly

no greater privity between the trustee and the corporation, than between the assignee and the bankrupt. In the case of *Edwards* v. *Coleman*, 2 Bibb, 205, the court of appeals of Kentucky decide that all the rights of all the creditors of a bankrupt are vested in the assignee, and that the assignee alone can attack a fraudulent conveyance made by the bankrupt. This decision is directly in point, and the analogy between the assignee in bankruptcy and the trustee, under our statute, being complete, it fully sustains the position, that the trustee being substituted to the rights of the creditors, is the only person who can successfully impeach a fraudulent conveyance of the corporation. Again, in Owen on Bankruptcy, 103, the same principle is recognized; the author says, "all voluntary conveyances by the bankrupt will be deemed fraudulent and void, and the property thereby conveyed will vest in, and may be recovered by, the assignee." Why does this property vest in the assignee, and why may it be recovered by him? Because, by the provisions of the bankrupt law, all the estate of the bankrupt is transferred by mere operation of law, to his assignee, for the benefit of his creditors. So, by the acts of 1843 and 1846, all the estate of the dissolved corporation is transferred by mere operation of law, to the trustee, for the benefit of its creditors.

It is contended in argument, by the counsel of the appellees, that the same privity which is held to exist between an administrator and his intestate, exists between the trustee and the dissolved corporation. This we cannot admit. The analogy between an administrator and the trustee is by no means as perfect as that between the trustee and an assignee in bankruptcy. But admit, for the sake of argument, that the privity contended for does exist, still the appellees will be as far from their object as ever. It is held in the following cases, that an administrator, as being the representative of the creditors of his intestate, may attack a fraudulent conveyance made by his intestate; and this even where the creditors themselves might do it. 8 Pick. 253; 20 Ib. 327; 17 Mass. 222; 4 Ib. 359; 3 Conn. 289; Ib. (N. S.) 108; 6 Ib. 287; 3 Bland. 551, 565; 2 Hill, 181; 2 Richards. Eq. 32.

*H. M. Ellett* on the same side.

*George S. Yerger* and *F. Anderson,* for appellees,

Contended the decision of the court below was correct, and to sustain their position cited the following authorities; 1 Story, Eq. § 371; *Curtis* v. *Price,* 12 Ves. 103; 1 Burr. 474; 1 Madx. Ch. 222; Fonb. Eq. ch. 4, § 12, note a; 2 Jeremy, Eq. § 2; 16 Johns. R. 189; 5 Binn. 109; 4 Mass. 354; 7 Johns. 161; 1 Ohio, 221; *Chambers* v. *State,* 8 S. & M. 46; 6 Har. & Johns. 61; 5 Munf. 28.

The assignment keeps alive the rights of the creditors, though the bank be dead. *Grand Gulf Bank* v. *State,* 10 S. & M. 428.

The assignment in this case is not void, but only voidable at the instance of creditors as against them, and valid if they assent. They did assent, and therefore the deed of assignment to Freeland and Murdock is valid.

The appointment of a trustee or trustees, under the act of 1846, was not necessary to keep alive the rights of creditors.

Mr. Justice HANDY delivered the opinion of the court.

The merits of this case lie within a narrow compass. Many collateral questions of much importance have been ably argued by the counsel; but we do not consider a decision of them as necessary to the determination of this case. We, therefore, announce only the conclusions to which we have come, after careful consideration of the questions involved. These conclusions are the following : —

1. Though the assignment to Freeland and Murdock be fraudulent and void, it is only so at the instance of the creditors of the bank. It was competent for the creditors to file their bill in chancery, and have the assignment set aside, for their benefit, and they have a right to do so, notwithstanding the appointment of the appellant as trustee.

2. Though the trustee be entitled, in point of legal right, in a proper case, to treat the deed of assignment as void for the benefit of creditors, yet he does not present himself in an attitude to exercise that right under the state of facts presented here. It appears that a large majority of the creditors of the bank, both in number and amount, assent to the assignment to the appellees, and it is not shown that any creditor is unwilling

to acquiesce in it, or that any creditor has presented and established his claim, under the appointment of the appellant, as trustee; and it is further shown, that only about seventeen hundred dollars of the notes and circulation of the bank are outstanding, and that they are in the hands of unknown persons, or destroyed, all the rest of the creditors assenting to the assignment to the appellees. It does not, therefore, sufficiently appear that any claim will ever be presented by any creditor of the bank other than those who have agreed to the assignment.

Under such circumstances it is not proper to act on the presumption that there are other creditors who may object to the assignment; because the court might proceed to declare the assignment void as to creditors, and annul it, and in the sequel there might never appear a single creditor seeking to set it aside. Thus the unjust and absurd conclusion would be reached, that *the instrument would be rendered null and void for the benefit* of creditors, when every creditor was satisfied with it and acquiesced in its provisions. It is, therefore, better to leave any creditors who may see proper to impeach the assignment to their own remedy which they have a right to pursue for themselves, than to do an act which may turn out to be vain and useless in itself, and highly injurious to almost the whole of the creditors, by declaring the assignment void as to creditors, when no creditor is impeaching it, and no one ever may appear to impeach it; for by this course no injury can be done to any interest entitled to protection in equity.

It is clear that the assignment is void only as to creditors. Suppose, then, that the dissenting creditors, if there be any, had filed their bill to set it aside, or that the appellant, in their behalf, had set forth their claims in his bill, would not the appellees have had the right to pay and satisfy those claims? Such right will scarcely be questioned, because the substantial ground of complaint would thereby be removed. Then, can the appellant enjoy a better right by having failed to show the claims of any creditors unsatisfied, than he would have had if the claims had been specified in the bill or shown by evidence? We think not, and we are therefore of opinion, that all the injury of which the appellant could complain in a

court of equity in behalf of dissenting creditors, would be removed by the offer which the appellees, make to pay and satisfy any demands which may be brought forward against the bank.

The decree of the district chancery court dissolving the appellant's injunction is, therefore, affirmed.